# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

                    v.                                      **Criminal Action No. 2:13CR22**

**JACK FRANCIS GIBBINS,**
        **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jack Francis Gibbons, in person and by counsel, Katy J. Cimino, appeared before me on September 20, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. Counsel stated that the plea agreement was the second offer made to the defendant. The first had a different stipulated amount and the second agreement was more favorable to Defendant. Counsel for Defendant advised that she discussed both offers with Defendant and agreed the second agreement was more favorable to Defendant   The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily

waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jack Francis Gibbins, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count One of the Indictment and the elements the government would have to prove, charging him with distribution of heroin.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and

imprisonment could be imposed; understood he would be subject to a period of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you discuss with Miss Cimino and do you understand from that discussion that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals provided you give notice of your intent to appeal within 14 days of your sentencing?

Def: Yes, sir.

Ct: Did you also discuss with Miss Cimino and do you understand from that discussion that you may collaterally attack or challenge your sentence and how it was calculated by filing a motion under 28 U.S.C. Section 2255, commonly call a habeas motion?

Def: Yes, sir.

Ct: Did you understand that under paragraph 13 of your written plea agreement, that if the United States District Judge sentences you to an actual sentence that is the same as or equal to a guideline calculated sentence using a total offense level of 16 or lower, you give up your right to directly appeal and you give up your right to collaterally attack or challenge your sentence and how it was calculated by using a writ of habeas corpus?

Def: Yes, sir.

Ct:     And that's what you intended to do by signing the written plea agreement with that paragraph in it?

Def:    Yes, sir.

Ct:     And you fully understood that paragraph and what you were giving up when you signed it?

Def:    Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on September 10, 2013, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The Court inquired and Defendant stated that his counsel did not promise a specific sentence. He further understood that neither his counsel nor anyone else could promise him a specific sentence, and he could not rely on such a promise if made.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further

4

order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. The Court also advised Defendant regarding the United States' agreement to recommend that the Court's sentencing Order include a recommendation that Defendant participate in the Bureau of Prisons RDAP. The Court advised that even if the United States did make that recommendation, the Court was not bound to follow it, and that even if the Court did make that recommendation the Bureau of Prisons was not bound to follow that recommendation. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

  Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant

5

further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also understood that while his counsel could use the chart to help him understand how the guidelines are used, he cannot take that as a promise or guarantee that the District Judge would see it the same way and impose a sentence consistent with what he had been told by counsel.

Thereupon, Defendant, Jack Francis Gibbins, with the consent of his counsel, Katy J. Cimino, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

The Court heard the testimony of Hardy County Sheriff's Deputy Short, who testified he was involved in the investigation of Defendant. On June 20, 2012, he arranged a meeting between a confidential informant ("CI"), Chief Dyer of the Hardy County Drug Task Force (acting in an undercover capacity), and Defendant. The meeting was for the CI to purchase heroin from Defendant. The meeting place was the movie theatre parking lot in Moorefield, Hardy County, West Virginia. Chief Dyer went with the CI to the arranged meeting place. Defendant was seated in the passenger seat of a vehicle. The CI and Chief Dyer approached him. Chief Dyer then purchased 5 heroin caps for $500.00. Defendant handed the heroin to Chief Dyer. The transaction was video and audio recorded, as well as being monitored by other undercover officers. The substance was confirmed as heroin by laboratory testing.

Defendant stated he heard and understood Deputy Short's testimony, but that he did not really remember that particular day. He had seen the video and heard the audio tapes showing him that day. He did not dispute the officer's testimony. The undersigned finds Deputy Short's testimony provides an independent factual basis in support of Defendant's guilty plea.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the testimony of Deputy Short, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count One of the Indictment and recommends he be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release under the Conditions of Pretrial Release previously entered by the Court as modified to add a pill count for his prescription medications; to advise his pretrial services officer of his use of Suboxone; and to take his prescription medications only as prescribed.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

It is so **ORDERED.**

DATED: 20 September 2013.

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE